**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **HUGO RENE GOMEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 5:17-01383** |
| | ) | |
| **D.L. YOUNG, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss, or in the Alternative, To Transfer." (Document No. 14.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's above Motion should be granted.

**FACT AND PROCEDURE**

**A. Criminal Action No. 1:01-cr-00470:**

On February 7, 2005, Petitioner pled guilty in the Middle District of North Carolina to one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C § 841(b)(1)(A) and 846 (Count One); and one count of illegal re-entry into the United States after deportation following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2) (Count Three). United States v. Gomez, Case No. 1:04-cr-00423 (M.D.N.C. June 6, 2006), Document Nos. 56 and 57. On May 11, 2005, Petitioner, by oral motion, requested permission to withdraw his guilty plea and the District Court denied Petitioner's motion. On May

20, 2005, Petitioner filed his Notice of Appeal. Id., Document No. 66. On June 6, 2005, the District Court sentenced Petitioner to total term of 262 months of imprisonment to be followed by a 5-year term of supervised release. Id.

On June 7, 2005, Petitioner filed a Notice of Appeal. (Id., Document Nos. 70 and 71.) Counsel filed an Anders Brief alleging that there were no meritorious claims on appeal but raising the issue of whether the District Court erred by failing to allow Petitioner to withdraw his guilty plea. United States v. Gomez, Docket No. 05-4644, Document No. 22. Petitioner was advised of his right to file a *pro se* supplemental brief. Id., Document No. 23. Petitioner filed his *pro se* supplemental brief. Id., Document No. 44. By Per Curiam Opinion entered on August 10, 2006, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Gomez, 194 Fed.Appx. 101 (4th Cir. 2006).

**B. Section 2255 Motion:**

On January 1, 2007, Petitioner filed in the Middle District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Gomez, Case No. 1:04-cr-423, Document No. 92. In his Motion, Petitioner asserted the following: (1) Sixth Amendment violation of right to counsel of choice; (2) The District Court erred in failing to permit the withdrawal of Petitioner's guilty plea; (3) Ineffective assistance of counsel; and (4) The District Court improperly participated in plea negotiations in violation of Rule 11(c)(1) of the Federal Rules of Criminal Procedure. Id. On June 8, 2007, the United States filed its Response in Opposition to Petitioner's Section 2255 Motion. Id., Document No. 110. After the granting of several extensions of time, Petitioner filed his Reply on October 1, 2007. Id., Document No. 120. On October 23, 2007, United States Magistrate Judge Russell A. Eliason filed his

Recommendation that Petitioner's Section 2255 Motion be denied. Id., Document No. 122. On November 5, 2007, Petitioner filed his Objections. Id., Document No. 124. By Order and Judgment entered on December 26, 2007, the District Court adopted Judge Eliason's Recommendation and denied Petitioner's Section 2255 Motion. Id., Document Nos. 125 and 126. On January 14, 2008, Petitioner filed his Notice of Appeal. Id., Document No. 128. By Order entered on April 24, 2008, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id., Document No. 131. By Order entered on June 24, 2008, the Fourth Circuit denied Petitioner's petition for rehearing. Id., Document No. 134.

**C.     Petition for Writ of Error Audita Querela:**

On April 16, 2009, Petitioner filed in the Middle District of North Carolina a Petition for Writ of Error Audita Querela pursuant to 28 U.S.C. § 1651. Gomez v. United States, Case No. 1:09-cv-00290 (M.D.N.C. June 23, 2009), Document No. 1. In his Petition, Petitioner argued that the District Court erred in finding him to be a career offender under the U.S.S.G. Id. Petitioner explained that based upon the "probation officer's report, petitioner's sentence was enhanced 16 levels due to a previous felony drug trafficking offense after being departed under U.S.S.G. § 2L1.2(B)(1)(A)(i)." Id. By "Order and Recommendation" filed on April 20, 2009, United States Magistrate Judge Wallace W. Dixon recommended that Petitioner's Petition be construed as a Section 2255 Motion and dismissed as successive. Id., Document No. 2. By Judgment filed on June 23, 2009, the District Court adopted Judge Dixon's Recommendation. Id., Document No. 3. On July 2, 2009, Petitioner filed a Motion for Reconsideration stating that he had mailed Objections. Id., Document No. 5. By Order entered on October 5, 2009, the District Court stated it had reviewed Petitioner's Objections that were mailed to the incorrect address, and the Court

found no basis to reconsider its prior Judgment adopting the Recommendation. Id., Document No. 6.

**D. Third Section 2255 Motion:**

On July 29, 2016, Petitioner filed his third Section 2255 Motion in the Middle District of North Carolina. Gomez, Case No. 1:04-cr-423, Document No. 150. Specifically, Petitioner indicated that he wished to challenge his sentencing citing Amendment 794 of the United States Sentencing Guidelines. Id. By "Recommendation and Order" entered on November 3, 2016, United States Magistrate Judge Joe L. Webster recommendation that Petitioner's Section 2255 Motion be dismissed as successive. Id., Document No. 151. By Judgment filed on November 28, 2016, the District Court adopted Judge Webster's recommendation. Id., Document No. 152.

**E. Section 2241 Petition:**

On February 27, 2017, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241 and Memorandum in Support.[1] (Civil Action No. 5:17-01383, Document Nos. 1 and 2.) Petitioner argues that the sentencing court improperly determined Petitioner met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1, which "was suitable to aggravate the § 846 and 841(a)(1) convictions." (Id., Document No. 2.) Petitioner states that "[t]he § 4B1.1 finding in part rested on [Petitioner's] prior conviction under Texas Health and Safety Code § 481.112(a), possession with intent to deliver a controlled substance." (Id.) Petitioner contends that he is entitled to relief "because the Texas conviction does not constitute a controlled substance offense in the wake of the Supreme Court's Mathis v. United States, 195 L.Ed.2d 604

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(2016), [and Petitioner] may rightly claim that he is actually innocent of the aggravated form of §§ 846 and 841(b)(1)(A)." (Id.) Therefore, Petitioner argues that he can satisfy the requirements of the "savings clause" based upon Mathis. (Id.)

On April 12, 2018, Petitioner filed an Amended Memorandum in Support clarifying that he was challenging the validity of his sentence. (Id., Document No. 9.) Specifically, Petitioner cites United States v. Wheeler in support of his argument that he can satisfy the requirements of the "savings clause." (Id.) First, Petitioner argues that at the time of his sentencing, his "prior Texas conviction for possession with intent to distribute a controlled substance was suitable as a predicate offense for § 4B1.1 proposes." (Id.) Second, Petitioner argues that the Mathis decision is retroactive and "post-dates Movant's first § 2255 motion by almost nine years and his direct appeal by eleven years." (Id.) Petitioner contends that the Mathis decision "teaches that his Texas conviction "can no longer be considered a controlled substance offense within the meaning of § 4B1.2." (Id.) Third, Petitioner states that he cannot meet the gatekeeping provisions of Section 2255(h) because his "claim does not rest upon newly discovered evidence or a new rule of constitutional law." (Id.) Fourth, Petitioner states that the sentencing error in his case constituted a fundamental defect and grave error because the Section 4B1.1 finding "was responsible for increasing the guideline range by 9-years and three months on the low end and eleven and one-half years on the high end." (Id.)

By Order entered on April 16, 2018, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and Amended Memorandum and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 10.) On May 29, 2018, his "Response to the Order to Show

Cause and Motion to Dismiss, or in the Alternative, to Transfer." (Document No. 14.) Respondent first argues that Petitioner's Petition should be dismissed as inappropriate under Section 2241. (Id., pp. 3 – 5.) Respondent next argues that considering the Petition under Section 2255, Petitioner claims are without merit and should be dismissed rather than transferred. (Id., pp. 5 – 8.) Respondent explains that Petitioner's Petition would constitute a successive Section 2255 Motion if transferred to the Middle District of North Carolina. (Id.) Respondent further explains that Petitioner's Petition does not contain meritorious claims under 28 U.S.C. § 2255(h) if transferred to the Fourth Circuit for authorization to file a successive Section 2255 Motion. (Id.) Finally, Respondent argues that "if this Court decides not to dismiss this action, in the alternative, it should transfer it to the Middle District of North Carolina or the Fourth Circuit." (Id., p. 8.)

By Order and Notice entered on May 30, 2018, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 15.) On June 11, 2018, Petitioner filed his Reply. (Document No. 16.) Petitioner continues to argue that he is entitled to relief under Section 2241 based upon Mathis and Descamps. (Id.) Petitioner again cites Wheeler arguing that he can meet the requirements of the "savings clause." (Id.) Petitioner faults Respondent for failing to address the requirements of Wheeler and referencing only In re Jones in its Motion to Dismiss.[2] (Id.) Petitioner, therefore, concludes that his Section 2241 Petition

[2] The undersigned acknowledges that Petitioner correctly points out that Respondent failed to reference the *Wheeler* decision in its Response and Motion. To the extent Petitioner indicates *In re Jones* is no longer good law, Petitioner is incorrect. The Fourth Circuit clearly stated that "there is no doubt that *Jones* is still good law in this circuit." The undersigned, however, acknowledges that the *Wheeler* test is the appropriate test to apply when a petitioner is challenging the validity of his sentence. Despite Respondent's failure to reference *Wheeler*, the Court has clearly applied *Wheeler* in reviewing the merits of Petitioner's claim.

should be granted. (Id.)

**ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A

section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Middle District of North Carolina. Specifically, Petitioner contends that his sentence is now invalid in light of Mathis and Descamps. Citing Mathis and Descamps, Petitioner argues that his prior Texas drug conviction no longer constitutes a "controlled substance offense" for purposes of designating him as a career offender under the Guidelines. Thus, Petitioner requests that his sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that

this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). Petitioner appears to acknowledge that he cannot satisfy the above requirements because neither *Mathis* nor *Descamps* constitute a new rule of constitutional law.

the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United State's Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420.

Mathis and Descamps[4] is misplaced as neither apply retroactively in this Circuit. See Cox v. Wilson, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Despite Petitioner's arguments to the contrary, Petitioner cannot satisfy the second requirement of the

---

[4] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

Wheeler test. See Melancon v. Saad, 2018 WL 3653290, * 5 (N.D.W.Va. July 9, 2018)(dismissing 2241 petition where petitioner challenged the validity of his sentence based upon *Mathis* and *Descamps*). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 14) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: November 7, 2018.

Omar J. Aboulhosn
United States Magistrate Judge