# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

HUGO RENE GOMEZ,

                Petitioner,

v.                                                              CIVIL ACTION NO. 5:17-cv-01383

D. L. YOUNG,

                Respondent.

# MEMORMANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's February 27, 2017 *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) and the *Memorandum in Support of Motion Pursuant to 28 U.S.C. § 2241* (Document 2), wherein the Petitioner challenges the validity of his sentence. The Court has also reviewed the *Amended Memorandum in Support of Motion Pursuant to 28 U.S.C. § 2241* (Document 9), wherein the Petitioner discusses the application of recent legal authority to his claim.

By *Standing Order* (Document 5) entered on February 28, 2017, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On April 16, 2018, the Magistrate Judge directed a response, and the Respondent filed a *Response to Order to Show Cause and Motion to Dismiss, or in the Alternative, to Transfer* (Document 14) on My 29, 2018. The Petitioner filed the *Movant's Response to Respondent's Motion to Dismiss or Transfer* (Document 16) on June 11, 2018. On November 7, 2018, the Magistrate Judge submitted

a *Proposed Findings and Recommendation* (PF&R) (Document 19), wherein it is recommended that this Court grant the Respondent's motion to dismiss and remove this matter from the Court's docket. The Petitioner timely filed objections to the PF&R, styled *Movant's Objections to the Proposed Findings and Recommendation of the Magistrate Judge* (Document 23). For the reasons stated herein, the Court finds that the Petitioner's objections should be overruled, the Magistrate Judge's PF&R adopted, and this matter dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

On February 7, 2005, Mr. Gomez pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine and one count of illegal re-entry into the United States. He was sentenced in the Middle District of North Carolina to 262 months of imprisonment. He alleges that he was sentenced as a career offender based in part on a Texas conviction for possession with intent to deliver a controlled substance. He asserts that the Texas conviction was properly considered as a predicate controlled substance conviction at the time of his sentencing, but subsequently decided case law establishes that it no longer qualifies as a predicate conviction.

The Fourth Circuit affirmed his conviction and sentence on direct appeal. Mr. Gomez filed a petition pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court and dismissed on appeal. His appeal and § 2255 petition focused on his counsel and a District Court ruling denying his attempt to withdraw his guilty plea. In April 2009, Mr. Gomez filed a Writ of Error Audita Querela, arguing that he was improperly sentenced as a career offender. The Middle

District of North Carolina construed the filing as a successive § 2255 motion and dismissed it. The Middle District of North Carolina dismissed a third successive § 2255 motion in 2016, wherein Mr. Gomez again challenged his sentence.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Petitioner asserts that his career offender designation is unlawful based on a change in the law since the time of his sentencing. The PF&R explains that 28 U.S.C. § 2255 is "the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective." (PF&R at 7.) The Magistrate Judge analyzed the case law related to the "savings clause" permitting certain challenges to convictions and sentences under 28 U.S.C. § 2241 and concluded that the Petitioner's claims could be

considered only under § 2255. He found that the cases cited by the Petitioner as establishing a change in law do not apply retroactively in this Circuit, and that any sentencing error cannot be deemed a fundamental defect. Given the procedural history of Mr. Gomez's prior collateral attacks on his conviction and sentence, the Magistrate Judge recommends dismissing this case, rather than transferring it to the sentencing court or to the Fourth Circuit.

The Petitioner objects, arguing that he has satisfied the standard set forth in *United States v. Wheeler*, 886 F.3d 415 (2018), to permit his sentencing challenge via the savings clause. He contends that settled law at the time of his sentencing established that state statutes could be analyzed under the modified categorical approach to determine whether a prior conviction qualified as career offender predicate. He argues that *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), effectively changed the law in the Fourth Circuit to require courts to apply the categorical approach, focusing on whether the elements of the prior offense of conviction sufficiently match the elements of the corresponding generic predicate offense. He argues that *Descamps* and *Mathis* were substantive decisions that apply retroactively, because they were based on existing precedent and narrowed the scope of a criminal statute, and notes that no binding precedent has established that they do not apply retroactively. The Petitioner further asserts that he cannot meet the gatekeeping provisions to file a second or successive § 2255 petition because *Descamps* and *Mathis* were not Constitutional decisions. He therefore argues that his sentence is marred by a fundamental defect that can be corrected in a §2241 petition.

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. 28 U.S.C. § 2255. However, Section 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal

prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under Section 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a Section 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333-34). The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> we conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Mr. Gomez is correct that no binding precedent in this Circuit addresses the retroactivity of *Mathis* and *Descamps* for purposes of the savings clause.[1] However, it is unnecessary to decide

---

[1] As outlined in the PF&R, the Fourth Circuit has issued unpublished decisions finding that *Mathis* is not retroactively applicable, and several district courts within this Circuit have reached the same conclusion.

that issue because the Fourth Circuit has held, in a published opinion, that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet" the "remarkably high bar" of 28 U.S.C. § 2255(a). *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). The Fourth Circuit later held that "a misapplied career offender enhancement" under the advisory Guidelines would likewise not be a fundamental defect for purposes of the savings clause in § 2241 petitions. *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).

Mr. Gomez's sentence was imposed on June 6, 2005, several months after the United States Supreme Court made the United States Sentencing Guidelines advisory in *United States v. Booker*, 543 U.S. 220, decided on January 12, 2005. Thus, even if Mr. Gomez could demonstrate that *Mathis* and *Descamps* apply retroactively, and even if he could demonstrate that those decisions establish that his Texas conviction is not a controlled substance offense within the meaning of the sentencing guidelines, he would not be entitled to relief. The sentencing error he complains of is the same as that considered in *Foote*: the incorrect classification of a prior conviction to support a career offender designation. The sentencing judge was permitted, and indeed obligated, to independently determine whether a sentence within or outside the calculated Guidelines range was appropriate under the statutory sentencing factors contained in 18 U.S.C. § 3553(a). Because binding precedent within this Circuit clearly forecloses relief on the grounds that the purported sentencing error is not sufficiently grave to be deemed a fundamental defect, the Court finds it unnecessary to evaluate the applicability of the other three *Wheeler* factors. Accordingly, the Petitioner's objections must be overruled, and the motion to dismiss must be granted.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Movant's Objections to the Proposed Findings and Recommendation of the Magistrate Judge* (Document 23) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 19) be **ADOPTED**. The Court further **ORDERS** that the Respondent's *Response to Order to Show Cause and Motion to Dismiss, or in the Alternative, to Transfer* (Document 14) be **GRANTED** to the extent it seeks dismissal, that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) be **DISMISSED**, and that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: February 22, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA